**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

CESAR GARCIA .

Plaintiff,

v.

NIETO OIL FIELD SERVICES LLC, a Colorado Corporation,

Defendant.

---

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

---

Plaintiff Cesar Garcia by and through his attorneys, Robin Cochran and Richard Blundell, for his Complaint and Jury Demand against Defendant Nieto Oil Field Services LLC, hereinafter known as Nieto, respectfully alleges as follows:

## I. NATURE OF THE CASE

1.     Plaintiff's brings this employment discrimination and civil rights action against Defendant Nieto Oil Field Services, LLC, for equitable and remedial relief and compensatory damages to redress Defendant's deprivation of Plaintiff's employment-related civil rights secured to him by the Colorado Anti-Discrimination Act ("CADA"), C.R.S 24-34-401, *et. seq*., and 42 U.S.C. § 1981. During Plaintiff's employment, Defendant Nieto perpetrated an overtly hostile, abusive, invidiously discriminatory, and retaliatory work environment based on national origin and color, paid Plaintiff less than white employees and retaliated against Plaintiff when he complained. Nieto fired Plaintiff when he complained that he was not being paid overtime while a white employee was paid overtime.

1

2.      Plaintiff Garcia is a Hispanic of dark complexion. He was born in the United States and is a U.S. citizen.  Nieto Oil Field Service LLC and Jose Nieto hired Mr. Garcia on about August 15, 2018 as a Driver for Nieto Oil Field Service and abruptly terminated his employment on about July 3, 2019.

3.      Defendant employed fewer than 15 persons in Colorado.

4.      Nieto Oil Field Service LLC provides trucking services to oil companies in Colorado.

5.      Although other Hispanics worked at Nieto Oil Field Service, Plaintiff's complexion is much darker than any of the other employees.

6.      During Mr. Garcia's employment, Mr. Nieto, the owner of the company, made derogatory comments about Mr. Garcia's skin color. These comments included, without limitation, that Mr. Garcia, an American citizen born in the United States, was a "wet back,", and that Mr. Garcia was "the blackest Mexican" he had ever seen. Nieto made other offensive comments about Garcia's skin color and heritage.

7.      In July 2019, Mr. Garcia learned that a white employee who also was employed as a Driver was paid overtime at a rate of time and one-half. Mr. Nieto frequently worked more than 40 hours a week but was never paid overtime. For example, from May 12, 2019 through May 18, 2019 Plaintiff worked 73 hours but was not paid overtime, although non-Hispanic employees and lighter skinned employees were paid overtime. When Mr. Garcia asked Mr. Nieto why he was not paid overtime, Mr. Nieto exploded with anger, began yelling at Plaintiff, and yelled obscenities and abusive racist names at him. Nieto then fired Plaintiff Garcia.

8.      Garcia was subjected to an offensive, abusive, overtly hostile, discriminatory, and retaliatory work environment, and was terminated from employment in violation of the Colorado Anti-Discrimination Act (CADA) C.R.S. 24-34-401 *et. seq,* and 42 U.S.C. § 1981.

9.      Defendants' acts and omissions caused Plaintiff to suffer severe mental and emotional distress, anguish, upset and humiliation, and loss of employment, employment compensation, and employment opportunities. He seeks awards of back pay, front pay, compensatory damages, attorneys' fees, costs of this action, and/or reinstatement and other equitable or remedial relief.

## II.  JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over these claims under 28 U.S.C. § §1331 (Federal Question Jurisdiction), 28 U.S.C. §1343 (Civil Rights Jurisdiction), 28 U.S.C. §1332 (Diversity Jurisdiction), § 1367 (Supplemental Jurisdiction) and for a violation of 42 U.S.C. § 1981 (Race Jurisdiction). Plaintiff's claims also are based on state law pursuant to the Colorado Civil Rights Act, C.R.S. § 24-34-401 *et seq.* (hereinafter CADA). Such claims are brought to recover damages and to secure other relief for the deprivation of Plaintiff's civil rights.

11.     Defendant conducts business in Colorado and its offices are located in Colorado and are subject to the jurisdiction of this Court.

12.     Plaintiff has complied with all conditions precedent to the filing of the Colorado Anti-Discrimination Act claim because he filed timely complaints with the Colorado Civil Rights Division ("CCRD" Case No.: E2000006471x) and more than 180 days have passed since the filing of the claims.  This lawsuit is filed within 90 days of the date of mailing the Right to Sue letter by the Colorado Civil Rights Division.

13.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(c) because the employment practices or omissions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado. Damages exceed $75,000.00.

## III.  PARTIES

14.     Plaintiff Cesar Garcia is a citizen of the U.S., and currently resides in Fabens, Texas, (hereinafter referenced as Mr. Garcia or "Plaintiff").

15.     At all relevant times, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C.§ 1981.

16.     Defendant Nieto Oil Field Services, LLC is a Colorado organization authorized to do business in the State of Colorado, 2620 Hawk Drive, Evans, CO 80620. It provides oil and gas trucking and freight services throughout Colorado and in Wyoming.

17.     At all times relevant, Defendant Nieto Oil Field Services LLC maintained an office located at 2620 Hawk Drive, Evans, CO 80620, where Plaintiff was hired and employed.

18.     The Defendant does business in Colorado and maintains its office in Evans Colorado and is subject to the personal jurisdiction of this Court.

18.     The Defendant was Plaintiff's employer and harassed Plaintiff during his employment and terminated his employment.

## IV.  GENERAL ALLEGATIONS

19.     Plaintiff Garcia is of Hispanic heritage and is a citizen of the United States. Plaintiff's skin color is brown.

20.     Defendant Nieto Oil Field Service LLC provides oil and gas trucking and freight services throughout Colorado and in Wyoming.

21.     Plaintiff's immediate supervisor was Jose A. Nieto who owned and operated Nieto Oil Field Services, LLC in Evans, Colorado.

22.     Plaintiff Garcia was hired by Defendant on about August 15, 2018 and performed his work satisfactorily or better as a "Driver."  Plaintiff was qualified for the position of "Driver", performed his responsibilities well, and never had any disciplinary issues while employed with Nieto. He was summarily fired on about July 3, 1019 when he asked Jose Nieto why a white employee was paid overtime whenever that employee worked over 40 hours a week, but Mr. Garcia was never paid overtime when he worked more than 40 hours a week.

4

23.     Throughout Plaintiff's employment Mr. Nieto made remarks about Mr. Garcia's Hispanic heritage and about the color of his skin, for example and without limitation, referring to him as the "blackest Mexican" he had ever seen.

25.     Mr. Garcia was subjected to intentional harassment based on his national origin and color, and was fired when he complained about discriminatory treatment.

26.     On about July 3, 2019 Mr. Garcia discovered that a non-Hispanic, white employee who also was employed as a "Driver" was being paid more per hour than Mr. Garcia, but also that the white employee received overtime (at time and one-half) whenever he worked more than 40 hours a week. Mr. Garcia was never paid overtime when he worked more than 40 hours a week, which he did frequently.

27.      On about July 3, 2019 Mr. Garcia asked Mr. Nieto why he did not get paid overtime, when the other employee did receive overtime. Mr. Nieto became very angry. He began cursing at Mr. Garcia and calling him obscene and foul names in Spanish. For example, and without limitation, Mr. Nieto called him a wetback, a "(expletive) spic," and made other offensive and bigoted statements to Mr. Garcia, including statements about Garcia's mother. He also implied that Mr. Garcia was an undocumented immigrant when Nieto knew that Garcia is an American citizen.

28.     After the tirade Mr. Nieto fired Mr. Garcia and told him to get off the property.

29.     From about July 2019 and continuing through September 2019, Mr. Nieto telephoned Mr. Garcia repeatedly and would hang up on him.

30.     The remarks about Plaintiff's skin color and other offensive statements were pervasive throughout his employment. Mr. Nieto's comments to Garcia when he fired Garcia were offensive and racist.

31.     Mr. Garcia was not paid overtime, even though Nieto paid the white employee and/or lighter skinned employees' overtime.

<u>**COUNT I**</u>
**VIOLATION OF CADA**
**(Discrimination based on national origin/race/color)**

32.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

33.     Plaintiff was subjected to disparate treatment based on his national origin, race and color, Hispanic and brown.  He did not receive the same benefits and working conditions as the white non-Hispanic employees or employees whose skin color was lighter than Plaintiff's.

34.      Nieto treated Plaintiff poorly and differently than the other non-Hispanic, white employees. Defendant referred to Plaintiffs dark skin color.

35.     Defendant paid white employees' overtime for time worked over 40 hours a week, but did not so pay Plaintiff.

36.     Defendant terminated Plaintiff's employment when he asked about the discrepancies in overtime pay.

37.     Plaintiff has been damaged by Defendant's failure to pay overtime to him when it paid overtime to white employees.

38.      Plaintiff was subjected to abuse, harassment, and discrimination, when Defendant remarked on the color of his skin throughout his employment and when he was fired.

39.     Defendants' actions were taken with malice and/or reckless indifference to Plaintiff's protected rights under the CADA, § 24-34-301 *et. seq.*

40..     The willful and intentional actions of Defendant caused Plaintiff to suffer emotional distress, anguish, harm, and pain and suffering   and monetary damages of lost wages and benefits and loss of reputation.

6

41.     The Defendant's actions were taken with malice and/or reckless indifference to Plaintiff's protected civil rights and he is entitled to receive punitive damages.

## COUNT II

### VIOLATION OF CADA

### (Retaliation Based on National Origin and Color)

42.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

43.     By and through his Complaints of national origin/ Hispanic/color discrimination and harassment based on his employer's failure to pay him equally to other white employees, plaintiff engaged in protected activity.

44..     After asking his supervisor and owner of Nieto Oil Field Services about the reasons that the white employee received overtime pay when Plaintiff did not receive overtime pay (despite regularly working over 40 hours a week) Nieto became angry, called Plaintiff racist and other offensive names, and fired him.

45.     Plaintiff was subjected to abuse, harassment, and discrimination when he failed to receive overtime pay when other employees received overtime pay and was retaliated against when he was fired for asking about the disparity in pay.  His employment was terminated based on his national origin and color and in retaliation for engaging in protected activity, in violation of the anti-retaliation provisions of CADA.

46.     The willful and intentional actions of Defendant caused Plaintiff to suffer emotional distress, anguish, harm, and pain and suffering   and monetary damages of lost wages and benefits and loss of reputation.

47.     The Defendant's actions were taken with malice and/or reckless indifference to Plaintiff's protected civil rights and he is entitled to receive damages, including punitive damages under the CADA.

## COUNT III

### (42 U.S.C. § 1981 Violation-unequal pay and treatment on the basis of Color/National Origin)

48.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

49.     Defendant failed to pay Plaintiff overtime pay although it paid white employees' overtime, at the rate of one and one-half times of the hourly pay.

50.     Defendant's disparate treatment of Plaintiff, the derogatory comments made to Plaintiff about his skin color and/or and Defendant's failure to pay overtime pay to Plaintiff were motivated by Plaintiff's race/color/national origin in violation of 42 U.S.C. § 1981.

51.     Plaintiff had a right to enter into, and to maintain, a contract for employment with Defendant with the reasonable expectation that the Defendant would treat him fairly, and lawfully, equally and without discrimination or retaliation in compliance with all requirements of law, including but not limited to, Plaintiff's right to be treated equally and fairly under the law.

52.     Plaintiff had a right to expect that he would have equal access to, and enjoyment of, all of the rights, privileges and benefits of this employment contract and to be free from discrimination, retaliatory threats and unreasonable and unlawful discharge due to his ethnic status as a lawfully employed Hispanic/brown.

53.     At all times relevant, Plaintiff had a reasonable expectation or property interest in the terms and conditions of his ongoing or continued employment contract and to be free of such

workplace misconduct, retaliation, and discrimination, all of which the Defendant and Mr. Nieto summarily disregarded and violated.

54.     Defendants' willful and intentional actions caused Plaintiff to suffer emotional distress, anguish, harm, and pain and suffering and monetary damages of lost wages and benefits and loss of reputation.

55.     The Defendant's actions were taken with malice and/or reckless indifference to Plaintiff's protected civil rights and he is entitled to receive punitive damages.


## COUNT IV

### (42 U.S.C. § 1981 Violation--Termination of Employment and Retaliation on the Basis of Color/National Origin

56.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

57.     Defendant failed to pay Plaintiff overtime though it paid white employees, at the rate of one and one-half times of the hourly pay.

58.     Defendant's disparate treatment of Plaintiff, the derogatory and racial comments Mr. Nieto made to plaintiff and Defendant's failure to pay overtime pay to Plaintiff were motivated by Plaintiff's race/color/national origin in violation of 42 U.S.C. § 1981.

59.     Plaintiff had a right to enter into, and to maintain, a contract for employment with Defendant with the reasonable expectation that the Defendant would treat him fairly, lawfully, equally and without discrimination or retaliation in compliance with all requirements of law, including but not limited to, Plaintiff's right to be treated equally and fairly under the law,

60.     Plaintiff had a right to expect that he would have equal access to, and enjoyment of, all of the rights, privileges and benefits of this employment contract and to be free from discrimination,

retaliatory threats and unreasonable and unlawful discharge due to his ethnic status as a lawfully employed Hispanic/brown.

61. At all times relevant, Plaintiff had a reasonable expectation or property interest in the terms and conditions of his ongoing or continued employment contract and to be free of such workplace misconduct, retaliation, and discrimination, all of which the Defendant and Mr. Nieto summarily disregarded and violated.

62.    Defendant retaliated against Plaintiff when the Defendant fired Plaintiff for inquiring about the differences in salary and overtime pay between a white employee and Plaintiff.

63.    Defendants' willful and intentional actions caused Plaintiff to suffer emotional distress, anguish, harm, and pain and suffering and monetary damages of lost wages and benefits and loss of reputation.

64.    The Defendant's actions were taken with malice and/or reckless indifference to Plaintiff's protected civil rights and he is entitled to receive punitive damages.


WHEREFORE, Plaintiff respectfully requests that this Court enter a judgement in his favor:

(a)    An award of back and front pay;

(b)    An award of pain and suffering and emotional distress, compensatory and consequential damages as allowed;

(c)    An award of injunctive or declaratory relief;

(d)    An award for the costs of this action, together with reasonable attorneys' fees;

(e)    An award of prejudgment and post judgment interest as provided for by law; and

Case 1:20-cv-03425-STV   Document 1   Filed 11/18/20   USDC Colorado   Page 11 of 11

    (f)      The Defendant's actions and those of Jose Nieto were taken with malice and/or reckless indifference to plaintiffs protected civil rights and Plaintiff is entitled to receive punitive damages

    (g)      Granting such other or further relief as the Court deems necessary or appropriate, including Plaintiff's reinstatement with a "no retaliation" order in effect.

### REQUEST FOR JURY TRIAL

Plaintiff hereby makes his request for a jury trial for all claims raised in this action.

This 18 day of November 2020.

Respectfully submitted,

*/s/ Richard K. Blundell*
Richard K. Blundell, Esq.
Colo. Reg. # 10358
3535 West 12th Street, Suite D
Greeley, CO 80634
Tel: 970-356-8900
Fax: 970-353-9977
Email: rick@rkblaw.net

*/s/ Robin Cochran*
Robin Cochran Esq.
Of Counsel
Colo. Reg. #12665
3535 West 12th Street, Suite D
Greeley, CO 80634
Tel: 970-356-8900
Fax: 970-353-9977
Email: Robincochranlaw@aol.com
COUNSEL FOR PLAINTIFF

PLAINTIFF'S ADDRESS
Cesar Garcia
P. O. Box 1112
Fabens, Texas 79838